UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TREYVON BATTLE, )<br>    *Plaintiff*, )<br> )<br>v. )<br> )<br>CITY OF NEW HAVEN, et al., )<br>    *Defendants*. ) | 3:25-cv-00624 (OAW) |

**ORDER ON MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

Plaintiff Treyvon Battle is a pretrial detainee incarcerated at the Corrigan Correctional Institution ("Corrigan"). Compl. 2, ECF No. 1. He filed this civil rights action on April 16, 2025, *id.* at 1, and seeks to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915, *see* Mot. to Proceed in forma pauperis, ECF No. 2 ("IFP Mot.").

Whether to permit a litigant to proceed IFP in a civil case is a decision committed to the sound discretion of the district court. *See Brooks v. Aiden 0821 Capital LLC*, 2020 WL 4614323, at *5 (E.D.N.Y. July 22, 2020); *Rahimi v. Sec. of Navy*, 2019 WL 6529458, at *2 (D. Conn. Dec. 4, 2019); *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y. 2002). A litigant need not be destitute to qualify for in forma pauperis status, but they must show that the burden of prepaying the filing fee would force them to forgo "the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The court must therefore determine whether the burden of paying the filing and service fees would hamper the plaintiff's ability to obtain the necessities of life or force him to abandon the action. *See Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983). In applying the "necessities of life" standard in the prison context, courts take

1

note that many of a prisoner's necessities are provided to him by the government. As the United States Court of Appeals for the Second Circuit has explained, prisoners "maintain their own, often complex, economic lives," and so the court must consider all of their obligations when determining if they are able to prepay the filing fee. *Rosa v. Doe*, 86 F.4th 1001, 1009 (2d Cir. 2023). Paying the fee should not leave them "wholly destitute," and they should not be forced to pay the "last dollar they have or can get" to proceed with their claims. *Adkins*, 335 U.S. at 339.

The court's consideration of a plaintiff's financial circumstances may include evaluation of the resources of those who support him. *See, e.g.*, *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend.") (internal quotation marks and citations omitted); *Monti v. McKeon*, 600 F. Supp. 112, 114 (D. Conn. 1984).

Thus, a prisoner seeking to proceed in forma pauperis must submit "an affidavit that includes a statement of all assets" he possesses and "a certified copy of the trust fund account statement . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a). Generally, the court should accept the litigant's allegations unless the court "perceive[s] a flagrant misrepresentation." *See Rosa*, 86 F.4th at 1009 (2d Cir. 2023) (citing *Adkins*, 335 U.S. at 339). With that information, the court determines whether the applicant qualifies for IFP status.

Here, Plaintiff reportedly is not employed but he does receive $250 from his girlfriend "sometimes." IFP Mot. at 2. He reports having no dependents. *Id*. He

specifies that he spends approximately $250 per month on life necessities, and he had access to around $496 when he filed this action. *Id.* at 3, 5. His average balance for the previous six months was about $356. *Id.* at 5. Even taking Plaintiff's claimed amount of monthly necessities at face value, his deposits—totaling over $2,095 over the past six months—are sufficient for Plaintiff to pay the filing fee in this action without causing serious hardship. *See* Prisoner Trust Fund Account Statement, ECF No. 4.

The court finds that Plaintiff had access to sufficient funds to pay the court's filing fee and cover payment for necessities of life not otherwise provided by the prison when he filed this action on April 16, 2025. Thus, he does not qualify for in forma pauperis status.

Plaintiff's motion for leave to proceed IFP (ECF No. 1) is **DENIED** without prejudice. All further proceedings in this matter shall be held in abeyance for twenty (20) days pending Plaintiff's delivery of the filing fee in the amount of $405.00 (money order or bank check made payable to the Clerk of Court) to the Clerk's Office, 915 Lafayette Boulevard, Bridgeport, CT 06604. Failure to tender the filing fee within twenty (20) days of the date of this order will result in the dismissal of this action.

**IT IS SO ORDERED** in Hartford, Connecticut, this 30th day of April, 2025.

                                                   */s/*
                                       OMAR A. WILLIAMS
                                       UNITED STATES DISTRICT JUDGE